1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9

10  CHARLES EASTER,                          ) Civil No. 09cv555 LAB (RBB)
                                            )
11              Plaintiff,                   ) **REPORT AND RECOMMENDATION**
                                            ) **GRANTING IN PART AND DENYING**
12  v.                                       ) **IN PART DEFENDANTS' MOTIONS TO**
                                            ) **DISMISS [DOC. NO. 15]**
13  CDC, State of California; B.             )
    MORRIS, Captain; L. PANICHELLO,          )
14  Lieutenant; E. Perez,                    )
    Correctional Officer.                    )
15                                           )
                Defendants.                  )
16  _____)

17      Plaintiff Charles Easter, now a state prisoner proceeding pro

18  se and in forma pauperis, filed this civil rights complaint

19  pursuant to 42 U.S.C. § 1983 on March 18, 2009 [doc. no. 1].  At

20  the time he filed this action, Easter was not incarcerated and was

21  living in Escondido, California.  (Compl. 1.)  The events giving

22  rise to this suit occurred approximately two and one-half years

23  earlier, while Plaintiff was housed at R.J. Donovan Correctional

24  Facility.  (Id.)  Easter alleges that Defendants violated the

25  Fifth, Eighth, and Fourteenth Amendments of the United States and

26  California Constitutions by improperly placing him in a prison yard

27  where he had been previously assaulted by other inmates which

28  caused him to be assaulted a second time.  (Id. at 3-6.)

1

On August 14, 2009, Defendants Captain B. Morris, Lieutenant L. Panichello, and Officer E. Perez filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [doc. no. 15].[1] Attached to the Motion was a Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss and the Declaration of James Reinmiller, Custodian of Records for the Government Claims Program [doc. nos. 15-2, 15-3].  Defendants Morris, Panichello, and Perez argue that they cannot be sued for damages in their official capacities; Plaintiff's state law claims are barred; Easter's Fourteenth Amendment claim is duplicative; Plaintiff fails to state a claim for violation of the Fifth Amendment; and Easter fails to show that he is entitled to injunctive relief.  (Mot. to Dismiss 1.)

A Kingele/Rand notice was issued by the Court on October 26, 2009 [doc. no. 18].  Plaintiff requested additional time to file his opposition and was granted an extension to December 31, 2009 [doc. nos. 21-22].  Easter's Opposition to Defendants' Motion to Dismiss was filed on December 8, 2009 [doc. no. 24].  Easter filed a second Opposition to Memorandum of Points and Authorities nunc pro tunc to December 28, 2009 [doc. no. 26].  Defendants filed a Reply on January 21, 2010 [doc. no. 28].  The Court found Defendants' Motion suitable for decision without oral argument pursuant to civil local rule 7.1(d)(1) [doc. no. 16].

For the reasons set forth below, the district court should **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss.

---

[1]  Although the Complaint names Lieutenant Panchello, in the Motion to Dismiss, Defendant corrects his name to L. Panichello. (Compl. 1-2, 4; Mot. Dismiss Attach. #2 Mem. P. & A. 1-2.)

## I.   PROCEDURAL BACKGROUND

This action is a resumption of the lawsuit Easter first filed on January 29, 2007.  See Easter v. CDC, Civ. No. 07-cv-187-L(LAB) (S.D. Cal. filed Jan. 29, 2007).  In that action, Easter alleged that the Defendants were deliberately indifferent to his safety, acted negligently, and violated his right to be free from cruel and unusual punishment by placing him on the same prison yard where he had been previously assaulted by other inmates.  Id. (comp. at 3, 6).

On November 20, 2008, United States District Court Judge M. James Lorenz granted the defendants' motions to dismiss and dismissed the complaint without prejudice.  Id. (order adopting & modifying report & recommendation at 1-3).  Judge Lorenz concluded that Easter filed his administrative grievance on February 7, 2007, after he had filed suit on January 29, 2007.  Because the administrative grievance procedure was ongoing, the court dismissed the complaint without prejudice.

The present Complaint, filed on March 18, 2009, is a continuation of Plaintiff's attempt to litigate the civil rights violations he first alleged on January 29, 2007.

### II. FACTUAL BACKGROUND

Easter was incarcerated at the Richard J. Donovan Correctional Facility ("Donovan").  (Compl. 1.)  On August 27, 2006, while housed in yard four of building seventeen, he was assaulted by fifteen inmates and hospitalized.  (Compl. 3, 5.)  An incident report was completed and Easter's enemy concerns were noted.  (Id. at 3.)  Plaintiff was initially released to facility two because he had enemies at facility four.  (Id. Attach. #1, 11.)  Then, he was

rehoused with his inmate enemies in building seventeen, yard four, and on November 14, 2006, he "was attacked and stabbed and sent to the hospital with life threatening injuries." (Id.)

Easter contends that Captain Morris approved the move; Lieutenant Panichello ordered Plaintiff to move, although Easter complained about his inmate enemies and had other housing; and Correctional Officer Perez oversaw the move, even though he was aware of the prior attack on Easter. (Id. at 3-5.)

### III.   LEGAL STANDARDS

### APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

### A.   Motions to Dismiss For Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999). "The old formula -- that the complaint must not be dismissed unless it is beyond doubt without merit -- was discarded by the Bell Atlantic decision [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]." Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).[2] A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2]   Easter asks the Court to take notice that Cruz v. Beto, 405 U.S. 319 (1972), provides that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would [e]ntitle him to relief." (Opp'n Mem. P. & A. 5 [doc. no. 26] (citing Cruz, 405 U.S. at 322).) Cruz, however, was also modified by the holding in Bell Atlantic.

1  misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S. Ct.

2  1937, 1949 (2009).  The Court must accept as true all material

3  allegations in the complaint, as well as reasonable inferences to

4  be drawn from them, and must construe the complaint in the light

5  most favorable to the plaintiff.  <u>Cholla Ready Mix, Inc. v. Civish</u>,

6  382 F.3d 969, 973 (9th Cir. 2004) (citing <u>Karam v. City of Burbank</u>,

7  352 F.3d 1188, 1192 (9th Cir. 2003)); <u>Parks Sch. of Bus., Inc. v.</u>

8  <u>Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995); <u>N.L. Indus., Inc. v.</u>

9  <u>Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

10       The Court does not look at whether the plaintiff will

11  "ultimately prevail but whether the claimant is entitled to offer

12  evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232,

13  236 (1974); <u>See</u> <u>Bell Atl. Corp.</u>, 550 U.S. at 563 n.8.  A dismissal

14  under Rule 12(b)(6) is generally proper only where there "is no

15  cognizable legal theory or an absence of sufficient facts alleged

16  to support a cognizable legal theory." <u>Navarro v. Block</u>, 250 F.3d

17  729, 732 (9th Cir. 2001) (citing <u>Balistreri v. Pacifica Police</u>

18  <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)).

19       The Court need not accept conclusory allegations in the

20  complaint as true; rather, it must "examine whether [they] follow

21  from the description of facts as alleged by the plaintiff." <u>Holden</u>

22  <u>v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation

23  omitted); <u>see</u> <u>Halkin v. VeriFone, Inc.</u>, 11 F.3d 865, 868 (9th Cir.

24  1993); <u>see also</u> <u>Cholla Ready Mix</u>, 382 F.3d at 973 (citing <u>Clegg v.</u>

25  <u>Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994))

26  (stating that when considering a Rule 12(b)(6) motion, a court "is

27  not required to accept legal conclusions cast in the form of

28  factual allegations if those conclusions cannot reasonably be drawn

from the facts alleged[]"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In addition, when resolving a motion to dismiss for failure to state a claim, the Court generally does not consider materials outside the pleadings. Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1. This precludes consideration of "new" allegations that are raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 1997) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")).

But "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other

grounds by <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002); <u>Stone v. Writer's Guild of Am. W., Inc.</u>, 101 F.3d 1312, 1313-14 (9th Cir. 1996).

These Rule 12 (b)(6) guidelines apply to Defendants' Motion to Dismiss.

**B.     <u>Standards Applicable to Pro Se Litigants</u>**

Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally. <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).  Still, when examining a pro se civil rights complaint, the Court may not "supply essential elements of claims that were not initially pled." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." <u>Id.</u>; <u>see also</u> <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." <u>Jones</u>, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the Court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir.

1   1987)).   Thus, before a pro se civil rights complaint may be

2   dismissed, the court must provide the plaintiff with a statement of

3   the complaint's deficiencies.   <u>Karim-Panahi</u>, 839 F.2d at 623-24.

4   Where amendment of a pro se litigant's complaint would be futile,

5   denial of leave to amend is appropriate.   See <u>James v. Giles</u>, 221

6   F.3d 1074, 1077 (9th Cir. 2000).

7        **C.   <u>Stating a Claim Under 42 U.S.C. § 1983</u>**

8        To state a claim under § 1983, the plaintiff must allege facts

9   sufficient to show (1) a person acting "under color of state law"

10  committed the conduct at issue, and (2) the conduct deprived the

11  plaintiff of some right, privilege, or immunity protected by the

12  Constitution or laws of the United States.   42 U.S.C.A. § 1983

13  (West 2003); <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 746 (9th

14  Cir. 1986).

15                           **IV. DISCUSSION**

16       **A.   <u>Absolute Immunity</u>**

17       The Eleventh Amendment grants the states immunity from private

18  civil suits.   U.S. Const. amend. XI; <u>Seven Up Pete Venture v.</u>

19  <u>Schweitzer</u>, 523 F.3d 948, 952 (9th Cir. 2008); <u>Henry v. County of</u>

20  <u>Shasta</u>, 132 F.3d 512, 517 (9th Cir. 1997), <u>as</u> <u>amended</u>, 137 F.3d

21  1372 (9th Cir. 1998).   This immunity applies to civil rights claims

22  brought under § 1983; thus, an inmate cannot recover damages from

23  the state under § 1983 unless the state waives its immunity.   <u>Will</u>

24  <u>v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989); <u>Barber v.</u>

25  <u>Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994).

26       Eleventh Amendment immunity also extends to state officials

27  sued in federal court in their official capacities.   <u>Will</u>, 491 U.S.

28  at 71 (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985) ("[A] suit

                                    8

against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); Seven Up Pete Venture, 523 F.3d at 952-53. "As such, it is no different from a suit against the State itself." Will, 491 U.S. at 71 (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).

A narrow exception to Eleventh Amendment immunity applies to suits against individuals in their official capacities when the relief sought is "prospective injunctive relief in order to end a continuing violation of federal law." Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997) (quoting Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996)) (internal quotations omitted); see also Seven Up Pete Venture, 523 F.3d at 953.

Easter's Complaint asserts claims against the Defendants in their individual and official capacities. (Compl. 2.) Defendants argue that they are entitled to immunity under the Eleventh Amendment for actions taken in their official capacities. (Mot. Dismiss Attach. #2 Mem. P. & A. 3.) Plaintiff counters by asserting, "If [an] official was working at the time means they were acting under color of law . . . so all you have to do is prove th[ere] was an injury to bring a su[it] about." (Opp'n Mem. P. & A. 2 [doc. no. 26].)

In his prayer for relief, Plaintiff requests compensatory and punitive damages from Defendants totaling $25,000,000 "after taxes." (Compl. 7.) Easter is correct that he may assert claims against Defendants in their individual and official capacities; however, he may not seek monetary damages from Defendants in their

9

official capacities as a remedy.  The requests for monetary damages
against Defendants in their official capacities are actually claims
against the State of California.  See Will, 491 U.S. at 71.
Because the state is immune from liability for monetary damages,
Defendants' Motion to Dismiss the monetary claims against
Defendants Morris, Panichello, and Perez in their official
capacities should be **GRANTED** without leave to amend.  Accordingly,
Easter may only proceed against Defendants in their individual
capacities when seeking compensatory and punitive damages.

### B.   California Tort Claims Act

Easter alleges that Defendants Morris, Panichello, and Perez
each participated in transferring him to a prison yard where they
knew his inmate enemies had been placed.  (Compl. 2-5.)  He
asserts, in part, that this violated his rights under the
California Constitution.  (Id.)  A plaintiff cannot pursue a
violation of the California Constitution under the guise of a
federal civil rights claim.  See Broam v. Bogan, 320 F.3d 1023,
1028 (9th Cir. 2003).  Instead, it must be treated as a
supplemental state law claim.

Defendants construe Plaintiff's allegations as also asserting
a claim of negligence against them.  (Mot. Dismiss Attach. #2 Mem.
P. & A. 4; Reply 2.)  But the Complaint does not contain a claim
for negligence.  (Compl. 3-5.)  It indicates there was a prior suit
on the same or similar facts in which Easter alleged wonton,
willful, and intentional negligence.  (Id. at 6.)  Plaintiff has
not reasserted those claims in his current Complaint.  (Id. at 2-
6.)  Consequently, Easter has failed to state a claim of negligence
because he has not given Defendants notice of it.  See Fontana v.

1  <u>Haskin</u>, 262 F.3d 871, 877 (9th Cir. 2001) (citing <u>Am. Timber &</u>

2  <u>Trading Co. v. First Nat'l Bank</u>, 690 F.2d 781, 786 (9th Cir. 1982)

3  (explaining that the complaint must make "sufficient factual

4  averments [to] show that the claimant may be entitled to some

5  relief[]").

6       Even if the Complaint were construed to allege a claim of

7  negligence, Defendants assert that a negligence claim, as well as

8  any claims raised under California's Constitution, are barred

9  because Easter has not filed a tort claim with the Victim

10 Compensation and Government Claims Board.  (Mot. Dismiss Attach. #2

11 Mem. P. & A. 4; Reply 2-3.)

12      In his Opposition, Easter explains that his cellmate provided

13 him with the forms he needed to submit his claims to the Victim

14 Compensation and Government Claims Board.  (Opp'n Mot. Dismiss 1

15 [doc. no. 24].)  Plaintiff states, "I did file a board of control

16 claim in February 200[7] with the law library officer (Tanzy) who

17 never returned any of my paper work back to me."  (<u>Id.</u>; <u>see also</u>

18 Opp'n Mem. P. & A. 3 [doc. no. 26].)  He asks the court not to

19 dismiss his Complaint against Defendants in their individual

20 capacities because Easter argues that he was not required to submit

21 those claims to the state agency before litigating them.  (<u>See</u>

22 Opp'n Mot. Dismiss 3 [doc. no. 24]; Opp'n Mem. P. & A. 3 [doc. no.

23 26].)  He also asks the Court not to dismiss his claims against

24 Defendants in their official capacities.  (<u>Id.</u>)  Easter asserts

25 that "42 U.S.C. [§] 1983 allows [him] to sue in federal [court]

26 without filing a Government tort claim."  (Opp'n Mem. P. & A. 5

27 [doc. no. 26].)

28

1    It is well established that when adjudicating a supplemental
2    state law claim, this Court must apply state substantive law.
3    United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).
4    Under the California Tort Claims Act, filing a tort claim within
5    the time and in the manner prescribed by statute is a prerequisite
6    to filing a lawsuit against any state employee or agency.  See Cal.
7    Gov't Code §§ 905.2, 911.2 (West Supp. 2009); Cal. Gov't Code §§
8    945.4, 950.2 (West 1995).  A personal injury claim must be filed
9    within six months of when the cause of action accrues.  Cal. Gov't
10   Code § 911.2.  This applies to "injur[ies] resulting from an act or
11   omission [of a public employee] in the scope of his employment as a
12   public employee . . . ."  Cal. Gov't Code § 950.2.

13   Defendants assert Easter has not filed any tort claims related
14   to the incident.  (Mot. Dismiss Attach. #2 Mem. P. & A. 5; Reply
15   2.)  In his declaration, James Reinmiller, Custodian of Records for
16   the Victim Compensation and Government Claims Board, states that he
17   was unable to locate any records that Easter has ever filed a
18   claim. (Mot. Dismiss Attach. #3 Reinmiller Decl. 2.)

19   Easter contends that he has filed a tort claim; he explains
20   that he provided the form to an officer at the law library; but he
21   does not assert that he sent the form to the Victim Compensation
22   and Government Claims Board.  (Opp'n Mot. Dismiss 1 [doc. no. 24].)
23   Plaintiff has not provided any evidence of submitting his tort
24   claim.  He has attached one hundred pages of exhibits to his
25   Complaint, four exhibits to his Opposition to Motion to Dismiss,
26   and three exhibits to his Opposition to Memorandum of Points and
27   Authorities.  (Id. Attach. #1 Exs. 1-100; Opp'n Mot. Dismiss [doc.
28   no. 24] Attach. #1 Exs. A-D; Opp'n Mem. P. & A. [doc. no. 26]

1    Attach. #1 Exs. A-C.)  Still, he has not provided a copy of a tort

2    claim submitted to the Victim Compensation and Government Claims

3    Board.

4        For these reasons, the Motion to Dismiss supplemental state

5    claims against Defendants in their official capacities should be

6    **GRANTED** without leave to amend.  Accordingly, Easter may only

7    proceed against Defendants in their individual capacities when

8    asserting state law claims.

9        **C.    Fourteenth Amendment Claim**

10       Plaintiff disputes that his Fourteenth Amendment claim is

11   duplicative.  He contends that "any time you violate a person's

12   right you can state a claim of the amendment of the one being

13   violated."  (Opp'n Mem. P. & A. 3 [doc. no. 26].)  Additionally,

14   "when you violate any amendments you violate the Fourteenth

15   Amendment . . . ."  (Id. at 5.)

16       "[T]he treatment a prisoner receives and the conditions under

17   which he is confined are subject to scrutiny under the Eighth

18   Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  The

19   Eighth Amendment "requires that inmates be furnished with the basic

20   human needs, one of which is 'reasonable safety.'"  Id. at 33

21   (quoting Deshaney v. Winnebago County Dep't of Soc. Servs., 489

22   U.S. 189, 200 (1989)).  Claims that Defendants failed to protect

23   Plaintiff from a substantial risk of serious harm at the hands of

24   other inmates are properly analyzed under the Eighth Amendment

25   because Easter was a state inmate incarcerated pursuant to a valid

26   conviction at the time of the attacks.  See Farmer v. Brennan, 511

27   U.S. 825, 834 (1994) (citing Helling, 509 U.S. at 35); Wilson v.

28

                                    13                    09cv0555 LAB(RBB)

1  <u>Seiter</u>, 501 U.S. 294, 303 (1991); <u>Robinson v. Prunty</u>, 249 F.3d 862,

2  866 (9th Cir. 2001).

3       Here, Easter alleges that Morris, Panichello, and Perez

4  violated his Eighth and Fourteenth Amendment rights by improperly

5  placing him in a prison yard where he was previously assaulted by

6  other inmates; as a result, he was attacked again.  (Compl. 3-6.)

7  A Fourteenth Amendment claim is foreclosed by Supreme Court

8  precedent.  "Where a particular amendment 'provides an explicit

9  textual source of constitutional protection' against a particular

10 sort of government behavior, 'that Amendment, not the more

11 generalized notion of "substantive due process," must be the guide

12 for analyzing [a plaintiff's] claims.'"  <u>Albright v. Oliver</u>, 510

13 U.S. 266, 273 (1994) (Rehnquist, C.J., for plurality) (quoting

14 <u>Graham v. Connor</u>, 490 U.S. 386, 395, (1989)).

15      The Court may limit its inquiry to the Constitutional

16 Amendment that more specifically addresses plaintiff's claim in

17 lieu of general notions of substantive due processes.  See <u>Albright</u>

18 <u>v. Oliver</u>, 510 U.S. at 286 (Kennedy & Thomas, JJ., concurring)

19 (refraining from evaluating petitioner's due process claim under §

20 1983 because his allegations could be addressed under the state's

21 malicious prosecution law); <u>Graham v. Connor</u>, 490 U.S. at 395 n.10

22 (citing <u>Whitley v. Albers</u>, 475 U.S., 312, 327 (1986) ("Any

23 protection that 'substantive due process' affords convicted

24 prisoners against excessive force is, we have held, at best

25 redundant of that provided by the Eighth Amendment."); <u>Whitley</u>, 475

26 U.S. at 327 ("[T]he Eighth Amendment . . . serves as the primary

27 source of substantive protection to convicted prisoners . . . where

28 the deliberate use of force is challenged as excessive and

unjustified[]"); <u>Gerstein v. Pugh</u>, 420 U.S. 103, 125 n.27 (1975)
(finding that the more specific Fourth Amendment should be used to
analyze the protections that must be afforded to those accused of
criminal conduct rather than "variable procedural due process");
<u>Patel v. Penman</u>, 103 F.3d 868, 874 (9th Cir. 1996), <u>overruled on
other grounds by</u>, <u>Unitherm Food Systems, Inc. v. Swift-Eckrich,
Inc.</u>, 546 U.S. 394 (2006) (finding that the Takings Clause
preempted plaintiffs' substantive due process claim in a dispute
over city-issued building permits.)

Easter has attempted to raise a claim under the Eighth and
Fourteenth Amendments based on the same conduct by the Defendants.
(Compl. 3-6.)  Because the Eighth Amendment provides an explicit
source of protection from the type of conduct Plaintiff alleges,
his claim is preempted by the Eighth Amendment and should not be
analyzed as a substantive due process claim under the Fourteenth
Amendment.  See <u>Wolff v. Hood</u>, 242 F. Supp. 2d 811, 819 (D. Or.
2002) (finding that plaintiff could not state a substantive due
process claim for prison officials' failure to protect him from
violence by other inmates because the Eighth Amendment provides
explicit constitutional protection).  Defendants' Motion to Dismiss
Easter's substantive due process claim under the Fourteenth
Amendment should be **GRANTED** without leave to amend because the
allegations should be resolved under the Eighth Amendment.

    **D.**   **<u>Fifth Amendment Claim</u>**

       **1.**   **Administrative Segregation**

Defendants contend that Easter has failed to state a claim for
violation of his Fifth Amendment rights because the Complaint does
not allege that "his property was taken, nor his life, and [Easter]

1   was already in custody."  (Mot. Dismiss Attach. #2 Mem. P. & A. 6.)

2   Defendants explain that after Plaintiff was assaulted, he was

3   placed in administrative segregation.  (Id.; Reply 3.)  "[T]his was

4   done for his protection and is not a cognizable constitutional

5   claim."  (Mot. Dismiss Attach. #2 Mem. P. & A. 6; see also Reply

6   3.)

7        Easter's Complaint attempts to allege a claim against each

8   Defendant under the Fifth Amendment.  (Compl. 3-5.)  But Plaintiff

9   does not make any specific allegations regarding how each Defendant

10  violated his Fifth Amendment rights.  (Id.)  Although Defendants

11  contend that Easter bases his claim on his placement in

12  administrative segregation after his assault, those allegations do

13  not appear in the Complaint.  (Id.)  Thus, Easter has not stated a

14  claim for violation of the Fifth Amendment.

15       In his Opposition, Plaintiff asserts that after the incident

16  he was "put in ad seg housing and was deprived of appropriate

17  [needs] when [this] wasn't a disciplinary action."  (Opp'n Mem. P.

18  & A. 4 [doc. no. 26].)  This issue is raised for the first time in

19  Easter's Opposition.  Under Federal Rule of Civil Procedure

20  12(b)(6), the Court must focus on the Complaint.  Fed. R. Civ. P.

21  12 (b)(6); Schneider, 151 F.3d at 1197 n.1.  Thus, when deciding

22  the current Motion, this Court is precluded from considering

23  allegations that first appear in the Opposition.  Schneider, 151

24  F.3d at 1197 n.1. (citing Harrell v. United States, 13 F.3d 232,

25  236 (7th Cir. 1993).  Based on the contents of the Complaint,

26  Easter has failed to put Defendants on notice of a claim under the

27  Fifth Amendment.  See Fontana, 262 F.3d at 877.

28

16

It is not clear whether Easter has exhausted administrative remedies and can cure his pleading defect by alleging additional facts.  See Lopez, 203 F.3d at 1127.  Still, there may be facts that show that the placement, length, and conditions of administrative segregation constituted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Thus, Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim regarding his placement in administrative segregation should be **GRANTED** with leave to amend.

### 2.   Double Jeopardy

In his Opposition, Easter seems to suggest that his Fifth Amendment claim includes a violation of the Double Jeopardy Clause. (Opp'n Mem. P. & A. 3-4 [doc. no. 26].)  He contends that he was "twice put in jeopardy of life or limb" by Defendants, and his right to be free from double jeopardy was violated.  (Id. at 5.)

The Double Jeopardy Clause of the Fifth Amendment states that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ."  U.S. Const. amend. V.  It is well established that the Double Jeopardy Clause "'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.'"  United States v. Wilson, 420 U.S. 332, 343 (1975) (quoting North Carolina v. Pearce, 395 U.S. 711 (1969)); see also Monge v. California, 524 U.S. 721, 727-28 (1998).

> [T]he Clause embodies two vitally important interests. The first is the "deeply ingrained" principle that "the State with all its resources and power should not be allowed to make repeated attempts to convict an

17

> individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Yeager v. United States*, __ U.S. __, 129 S. Ct. 2360, 2365-66 (2009) (quoting *Green v. United States*, 355 U.S. 184, 187-88 (1957)).)

Easter has not alleged that he was prosecuted more than once for the same offense.  Plaintiff alleges that on August 27, 2006, while housed in yard four of building seventeen at Donovan, he was assaulted by other inmates.  (Compl. 3, 5.)  An incident report was completed noting his enemy concerns.  (*Id.* at 3.)  Although he was subsequently housed in facility two, Easter was later rehoused with his inmate enemies, and on November 14, 2006, he "was attacked and stabbed and sent to the hospital with life threatening injuries." (*Id.*)  These allegations are more properly analyzed under the Eighth Amendment as discussed above.

Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim, to the extent it alleges a double jeopardy violation, should be **GRANTED** without leave to amend.

### E.    Injunctive Relief

Injunctive relief is an equitable remedy that is appropriate where the plaintiff can show he will suffer a "likelihood of substantial and immediate irreparable injury" if an injunction is not granted.  *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1049 (9th Cir. 1999) (en banc) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also* *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975).

18

Defendants assert that Plaintiff is not entitled to an injunction because he fails to allege any ongoing or prospective violations of his rights. (Mot. Dismiss Attach. #2 Mem. P. & A. 7; Reply 4.) Defendants also contend that because Easter is no longer at R.J. Donovan Correctional Facility, there is no risk of continuing or future violations. (Mot. Dismiss Attach. #2 Mem. P. & A. 8; Reply 4.)

Easter argues that his claim for injunctive relief "speak[s] for itself." (Opp'n Mem. P. & A. 4 [doc. no. 26].) He explains that when he is released on parole, if he is returned to prison for any reason, he will be sent to the same receiving center. (Id.) That would make him subject to the Defendants' authority once again. (Id.) Easter also asserts that he has suffered an actual injury because these Defendants may have another opportunity to deprive him of his rights. (Id.)

The traditional criteria for granting an injunction are "'(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest.'" Mayweathers v. Newland, 258 F.3d 930, 938 (9th Cir. 2001) (quoting Textile Unltd., Inc. v. A.BMH & Co., 240 F.3d 781, 786 (9th Cir. 2001). Under the alternative test for granting injunctive relief, the Court examines whether "serious questions are raised and the balance of hardships tips sharply in favor of the moving party." Stuhlbarg Intern. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 840 (9th Cir. 2001) (citing Dr. Seuss Enters. v. Penguin Books USA, Inc., 109 F.3d

19

1394, 1397 n.1 (9th Cir. 1997)).  Under either measure, this
Plaintiff is not entitled to injunctive relief.

As the Defendants correctly observe, Easter's remedies are
limited by the Prison Litigation Reform Act.  (Mot. Dismiss Attach.
#2 Mem. P. & A. 7.)  Section 3626(a)(1) of the Act states,
"Prospective relief in any civil action with respect to prison
conditions shall extend no further than necessary to correct the
violation of the Federal right of a particular plaintiff or
plaintiffs."  18 U.S.C.A. § 3626(a) (West 2000).  This statutory
restriction limits available relief.

Plaintiff requests an injunction preventing Defendants "from
any future supervision or control over [his] safety/and or [sic]
wellbeing or lack thereof."  (Compl. 7.)  The Court does not have
jurisdiction to issue wide-reaching injunctions to remedy
inadequacies in prison administration that extend beyond any actual
injury suffered by a plaintiff.  Lewis, 518 U.S. at 357.  "The
remedy must of course be limited to the inadequacy that produced
the injury in fact that the plaintiff has established."  Id.
(citing Missouri v. Jenkins, 515 U.S. 70, 88, 89 (1995)).

Easter has also failed to demonstrate that he may suffer an
imminent injury.  In City of Los Angeles v. Lyons, 461 U.S. at 101-
02, the Court explained that "[t]he plaintiff must show that he
'has sustained or is immediately in danger of sustaining some
direct injury' as a result of the challenged official conduct and
the injury or threat of injury must be both 'real and immediate,'
not 'conjectural' or 'hypothetical.'"  Plaintiff is no longer
housed at R. J. Donovan Correctional Facility, the location where
the Defendants are employed and Easter's inmate enemies are housed.

1 (Compl. 2-5.)  Thus, he has failed to demonstrate an imminent

2 injury.

3      Plaintiff is not entitled to injunctive relief unless he can

4 show that he will suffer substantial and immediate irreparable

5 injury for which there is an inadequate remedy at law.  <u>Easyriders</u>

6 <u>Freedom F.I.G.H.T. v. Hannigan</u>, 92 F.3d 1486, 1495 (9th Cir. 1996).

7 "Under any formulation of the test [for injunctive relief],

8 plaintiff must demonstrate that there exists a significant threat

9 of irreparable injury."  <u>Oakland Tribune, Inc. v. Chronicle Publ'g</u>

10 <u>Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  Easter has made no

11 showing of irreparable harm.  In addition, because he is no longer

12 housed at R.J. Donovan, Plaintiff lacks standing to seek injunctive

13 relief directed at these Defendants.

14      For all these reasons, Easter's request for an injunction is

15 moot and should be stricken.

16      **F.   <u>Legal Access</u>**

17      In his Opposition, Easter asserts that he had legal materials

18 in his possession on October 27, 2009; but, due to a transfer,

19 those documents were removed and have not been returned to him.

20 (Opp'n Mot. Dismiss 2-3 [doc. no. 24]; Opp'n Mem. P. & A. 1 [doc.

21 no. 26].)  He asks that his Complaint not be dismissed because he

22 has had difficulty doing legal research to support his Opposition.

23 (Opp'n Mot. Dismiss 3 [doc. no. 24]; Opp'n Mem. P. & A. 1-2 [doc.

24 no. 26].)

25      As stated previously, "The focus of any Rule 12(b)(6) dismissal

26 . . . is the complaint."  <u>Schneider</u>, 151 F.3d at 1197 n.1.

27 Resolution of a motion to dismiss for failure to state a claim

28

09cv0555 LAB(RBB)

1   should be limited to the pleadings.  Id.; Jacobellis, 120 F.3d at

2   172; Allarcom Pay Television Ltd., 69 F.3d at 385.

3      Even if the Court were to consider Easter's allegations that

4   he experienced complications in opposing the Motion to Dismiss, the

5   result would not change.  Easter contends that he had trouble

6   completing his Opposition to the Motion to Dismiss.  (Opp'n Mot.

7   Dismiss 2-3 [doc. no. 24]; Opp'n Mem. P. & A. 1-2 [doc. no. 26].)

8   In preparing these recommendations, the Court has considered

9   Plaintiff's assertion.  The Motion to Dismiss is based on the

10   insufficiency of the Complaint, which the Court has liberally

11   construed.  In addition, Easter was given more time to prepare his

12   Opposition and provide the Court with evidence of any tort claim

13   provided to the Victim Compensation and Government Claims Board.

14   In the second Opposition, filed nunc pro tunc to December 28, 2009,

15   Easter cites relevant case authority, presumably the result of time

16   Plaintiff spent in the law library.  His dissatisfaction with the

17   handling of his legal papers when Easter was transferred to a new

18   facility and with the law library access there does not change the

19   Court's conclusions.

20      The Court will consider, however, whether Plaintiff should be

21   given leave to amend to raise a First Amendment access to the

22   courts claim.  In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme

23   Court held that "the fundamental constitutional right of access to

24   the courts requires prison authorities to assist inmates in the

25   preparation and filing of meaningful legal papers by providing

26   prisoners with adequate law libraries or adequate assistance from

27   persons trained in the law."  Id. at 828.  The Court revisited and

28

1  significantly limited <u>Bounds</u> in <u>Lewis v. Casey</u>, 518 U.S. 343

2  (1996).

3       In <u>Lewis</u>, the Court reshaped the right of access to the courts

4  in two respects:  (1) by clarifying that every access to courts

5  claim must be founded upon actual injury, and (2) by restricting

6  the scope of the right.  <u>Id.</u> at 3496, 351, 354-55.  The right of

7  access is only guaranteed for direct and collateral attacks upon a

8  conviction or sentence and civil rights actions challenging the

9  conditions of confinement.  <u>Id.</u> at 355.  Even among these claims,

10 actual injury will exist only if "a <u>nonfrivolous</u> legal claim had

11 been frustrated or was being impeded."  <u>Id.</u> at 353 (footnote

12 omitted) (emphasis added).

13      In <u>Christopher v. Harbury</u>, 536 U.S. 403 (2002), the Supreme

14 Court held that to state a claim for deprivation of the

15 constitutional right to access the courts a plaintiff must allege

16 (1) a lost past, existing, or prospective litigating opportunity

17 and (2) specific actions by government officials that caused the

18 denial of access.  <u>Id.</u> at 414-15.  To satisfy the "actual injury"

19 requirement found in <u>Lewis</u>, it is not enough simply to state that a

20 "nonfrivolous" claim has been dismissed or impeded due to the

21 action of some government official.  <u>Id.</u> at 415-16.  Instead, a

22 complaint must contain allegations "sufficient to give fair notice

23 to a defendant[,]" and the complaint should "state the underlying

24 claim in accordance with Federal Rule of Civil Procedure 8(a), just

25 as if it were being independently pursued . . . ."  <u>Id.</u> at 416-17

26 (footnote omitted).

27      Here, it is not clear that Plaintiff can allege an actual

28 injury that is sufficient to state an access to the courts claim.

1  Furthermore, the events underlying this suit center on Easter's

2  November 2006 placement in a prison yard with his known enemies.

3  In contrast, an access to the courts claim would focus on library

4  access in 2009 at the California Institution for Men (CIM) at

5  Chino, California, where Easter is currently housed.  The different

6  location, time period, and defendants all suggest that instead of

7  attempting to amend the pending Complaint, a separate action may be

8  more appropriate.  See Fed. R. Civ. P. 18(a), 20(a)(2); George v.

9  Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating that "[u]nrelated

10  claims against different defendants belong in different suits").

11  For these reasons, Plaintiff's request for injunctive relief should

12  be stricken, and to the extent that Easter is suggesting that he

13  may have a viable access to courts claim, he should not be given

14  leave to amend this Complaint to add that claim here.

15  **IV. CONCLUSION**

16      Defendants' Motion to Dismiss the monetary claims against

17  Defendants Morris, Panichello, and Perez in their official

18  capacities should be **GRANTED** without leave to amend.  Easter may

19  only proceed against Defendants in their individual capacities when

20  seeking compensatory and punitive damages.  The Motion to Dismiss

21  supplemental state claims against Defendants in their official

22  capacities should also be **GRANTED** without leave to amend.

23  Plaintiff may only proceed against Defendants in their individual

24  capacities when asserting state law claims.  Defendants' Motion to

25  Dismiss Easter's claim under the Fourteenth Amendment should be

26  **GRANTED** without leave to amend because the allegations are

27  preempted by the Eighth Amendment.  The Motion to Dismiss

28  Plaintiff's Fifth Amendment claim should be **GRANTED** with leave to

1  amend his claim involving placement in administrative segregation,

2  but **GRANTED** without leave to amend his claim for violation of the

3  prohibition against double jeopardy.  Finally, Easter's claim for

4  injunctive relief is moot and should be **STRICKEN**.  Under the

5  circumstances of this case, that remedy is not available to him.

6      This Report and Recommendation will be submitted to the United

7  States District Court judge assigned to this case, pursuant to the

8  provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

9  objections with the Court and serve a copy on all parties on or

10 before <u>February 26, 2010</u>.  The document should be captioned

11 "Objections to Report and Recommendation."  Any reply to the

12 objections shall be served and filed on or before <u>March 8, 2010</u>.

13 The parties are advised that failure to file objections within the

14 specified time may waive the right to appeal the district court's

15 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16

17 Dated: February 1, 2010

18                                      Ruben B. Brooks
                                        United States Magistrate Judge

19 cc:  Judge Burns
         All Parties of Record

20

21

22

23

24

25

26

27

28